# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JUNE WILDMON                                                                  PLAINTIFF

V.                                               CAUSE NO.: 1:08CV173-SA-JAD

EMC NATIONAL LIFE COMPANY,
CHARLES S. BARRETT, JOHN D. GILLIAM,
D/B/A BENEFIT CONCEPTS, P.A.                                DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on the motion of the Plaintiff to remand this case to the Circuit Court of Chickasaw County [15]. Defendants have responded in opposition to the motion, and the Court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion should be denied.

*Factual and Procedural Background*

Plaintiff filed a complaint in the Chickasaw County Circuit Court against EMC National Life Company, Charles S. Barrett, and John D. Gilliam, d/b/a Benefit Concepts, P.A. Plaintiff alleges that on December 15, 2004, Jan Hansen, the Plaintiff's daughter, applied for life insurance with EMC, naming the Plaintiff as the primary beneficiary. Plaintiff claims the application was approved, but on notification of her daughter's death, the insurance company allegedly twice denied Plaintiff's claim for insurance proceeds.

Specifically, Plaintiff alleges that EMC, Barrett, and Gilliam acted in bad faith in issuing and administering the policy. Moreover, Plaintiff contends that the insurance agent, Barrett, was allowed to answer medical questions for the insured but failed to investigate the insured's medical history prior to the issuance of the policy or the insured's death. Plaintiff also alleges these parties acted in bad faith by failing to timely or properly investigate the application of insurance even though they

accepted payment of premiums for that policy. Plaintiff also makes a claim for breach of contract against EMC for failing to honor the life insurance policy, and promissory estoppel. Most pertinent here is the fraud claim Plaintiff asserts against the insurance agent, Barrett. Plaintiff contends that Barrett intentionally and knowingly incorrectly completed the application for insurance, that the agent signed the form advising he had certified information contained in the application was correct when he did not, and that Barrett knowingly and willfully inaccurately recorded responses to the health questions given by the insured. Plaintiff requests compensatory damages of $50,000, attorneys' fees, punitive damages, prejudgment and post-judgment interest, and all costs of court.

EMC removed this cause of action to the Northern District of Mississippi on July 10, 2008, alleging that this Court has diversity jurisdiction because the Plaintiff fraudulently joined Barrett and Gilliam. EMC alleges Plaintiff cannot establish a cause of action against the in-state defendants because as agents for EMC, they cannot incur liability for breach of duty or contract committed by the principal.

Plaintiff filed this Motion to Remand [15] asserting that the Defendants failed to meet their burden of proof under Smallwood v. Illinois Central Railroad Company, 342 F.3d 400 (5th Cir. 2003), for improper joinder.

*Improper Joinder Standard*[1]

The federal courts have not been unaffected by persons seeking to avoid federal jurisdiction by fraudulently joining non-diverse defendants. The doctrine of improper joinder provides a narrow

---

[1] The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," and has stated that while there is no substantive difference between the two terms, the phraseology "improper joinder" is preferred. McDonal v. Abbott Laboratories, 408 F.3d 177, 180 (5th Cir. 2005).

exception to the rule of complete diversity. McDonal, 408 F.3d at 183. A removing party may show improper joinder of a non-diverse defendant, allowing dismissal of that party and the exercise of federal subject matter jurisdiction pursuant to Title 28 U.S.C. § 1332(a) in either one or two instances: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood, 385 F.3d at 573 (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).

The defendants do not dispute that Barrett and Gilliam are Mississippi residents. See Smith v. Petsmart, Inc., 278 Fed. Appx. 377, 379 (5th Cir. 2008) (analyzing claims of plaintiff under second prong as no allegation that plaintiff fraudulently represented defendants' residence was asserted). Therefore, under the second method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

Travis, 326 F.3d at 648 (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).[2]

The district court may analyze the issue of recovery against the non-diverse defendant in one of two ways. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. In cases in which the "plaintiff has

---

[2]Prior to Smallwood, Fifth Circuit opinions stated what seemed to be differing standards for this inquiry. In Smallwood, however, an en banc panel of the Fifth Circuit recognized the Travis formulation as the proper one. See Smallwood, 385 F.3d at 573.

3

stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. In this inquiry, the court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Travis, 326 F.3d at 648-49. All disputed issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. Id. at 649.

*Discussion and Analysis*

It is undisputed that Barrett, the insurance agent, and Jan Hansen, the insured, were alone while filling out the insurance application. The parties have attached competing affidavits to their response to the Motion to Remand and their reply to establish that the Plaintiff either can or cannot make a claim for fraud against Barrett.

In his affidavit, Barrett testified that he marked the application accurately according to Jan Hansen's responses to the questions. Moreover, he states that "[a]t no time did I incorrectly or inaccurately record any information given to me by Ms. Hansen." As a rebuttal to that affidavit, Jenny Decker, Jan Hansen's sister, filed an affidavit attesting to her sister's character and integrity. She testified that her sister did not mark the answers to the medical questions on the application for insurance. Further, she stated that Jan Hansen would "never mark an untrue response on any application" nor "do anything dishonest that would jeopardize the welfare of her children."

The Defendants filed a Motion to Strike [23] Jenny Decker's affidavit on the basis that it was improper character evidence, not based on personal knowledge, and speculative. Plaintiff responded that the affidavit was admissible under Federal Rule of Evidence 608. Rule 608(a) of the Federal

4

Rules of Evidence allows evidence of the character of a witness for truthfulness or untruthfulness. Jan Hansen, however, is not a witness. See Williams v. Great Am. Life Ins. Co., 282 F. Supp. 2d 496, 498-99 (N.D. Miss. 2003) (striking affidavit of character witness where testifying on the truthfulness and honesty of deceased insured). Thus, evidence of her character is not admissible.

Defendants also note that Jenny Decker's affidavit is not based on personal knowledge as required by Federal Rule of Civil Procedure 56(e)(1) in that she was not a witness to whether Hansen or Barrett filled out the insurance application. This fact is uncontested, therefore, the testimony is irrelevant. Last, the Defendants argue the affidavit is speculative and insufficient to sustain a claim of fraud against the insurance agent.

For the reasons argued by the Defendants, the Motion to Strike Jenny Decker's Affidavit is hereby GRANTED.

Plaintiff attempts to bring a claim of fraud against the insurance agent for intentionally and knowingly incorrectly completing Hansen's application for insurance. Based on the evidence and pleadings before the Court, Plaintiff has failed to state a claim against the insurance agent Barrett. In order to prove fraud or misrepresentation, the plaintiff must prove the following elements by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the person and in the matter reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. Great S. Nat'l Bank v. McCullough Env't Servs., 595 So. 2d 1282, 1289 (Miss. 1992).

Barrett's sworn testimony is that he did not erroneously or inaccurately fill out the application

form. He specifically testified that he filled out the form exactly as Jan Hansen told him too. Moreover, Hansen reviewed and signed the application after Barrett marked the information. Plaintiff has failed to put forth admissible evidence to contradict Barrett's averments. In the absence of proof, the Court cannot assume that the non-moving party can or will prove the necessary facts to support her claim. Ross v. CitiFinancial, Inc., 344 F.3d 458, 463 (5th Cir. 2003). Therefore, Plaintiff has not stated a claim for fraud against this non-diverse defendant.

Plaintiff's claims against John Gilliam are also precluded. In her Complaint, the plaintiff alleges that Gilliam acted in bad faith in issuing and administering the policy. Mississippi law holds that "an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection [with] its work on a claim." Gallagher Bassett Servs. v. Jeffcoat, 887 So. 2d 777, 783 (Miss. 2004). The Mississippi Supreme Court has further held that "such an entity may be held independently liable for its work on a claim if and only if its acts amount to any of on the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured." Id. It is undisputed that Barrett and Gilliam were acting within the scope of their authority as agents of EMC, and as such, the Court finds they have no agency liability in their individual capacity for negligence. See Jeffcoat, 887 So. 2d at 783.

In addition, the Court finds that Plaintiff's allegations are insufficient to support a claim of gross negligence. The Court finds persuasive here the Fifth Circuit case Berry v. Hardwick, 152 Fed. Appx. 371 (5th Cir. 2005). The Berrys filed a claim seeking compensatory and punitive damages in the Circuit Court of Lee County, Mississippi, arising from an insurance company and agents' alleged mishandling of their claim. Id. at 373. The case was removed to federal court, and the plaintiffs did not file a motion to remand or contest removal. Id. The insurance agents filed a motion

6

to dismiss which the district court granted on the basis that the agents were fraudulently joined as non-diverse parties. Id. Citing Travis v. Irby, 326 F.3d at 647-49, the district court noted that because the defendants did not allege fraud in the pleadings, the correct analysis was whether there was a reasonable possibility that the plaintiffs could sustain a cause of action against the agents in state court. Id. The district court decided that because the two agents were acting within the scope of their authority as agents and the plaintiffs failed to allege facts supporting gross negligence, the agents were fraudulently joined. Id.

The Fifth Circuit affirmed the district court and held that based on the complaint, "there [was] no reasonable basis for predicting that Mississippi state law would allow the Berrys to recover against Payne and Prehn." Id. at 375. The Fifth Circuit acknowledged that under Jeffcoat, insurance agents could not be held liable under Mississippi law for improper acts in adjusting a claim unless the plaintiff demonstrated that those acts rose to the level of gross negligence, malice, or reckless disregard for the rights of the insured. After reviewing the complaint, the Fifth Circuit could not dispute that on the face of their complaint, the plaintiffs did not allege a gross negligence claim against the two agents. Id.

As noted above, Plaintiff's complaint alleging bad faith against Gilliam and Barrett is vague, at best. Plaintiff asserts that the defendants failed to "timely or properly investigate the application of insurance and their bad faith proximately caused June Wildmon to suffer mental anguish and pain directly related to EMC's bad faith failure to honor the subject life insurance policy." Mississippi law places a duty on insurers to properly investigate the claims of their policy holders. Pilate v. Amer. Federated Ins. Co., 865 So. 2d 387, 395 (Miss. Ct. App. 2004). Insurance agents can only be held liable for their handling of a claim if such amounts to gross negligence.

7

There is no reasonable basis for holding that Mississippi state law would allow the plaintiff to recover against Barrett or Gilliam for bad faith or gross negligence. Although Plaintiff alleges generally that the actions of Gilliam and Barrett in connection with the investigation, adjustment and denial of their claim amount to bad faith, these are conclusory allegations at best, for Plaintiff certainly has not identified any actions by either of these defendants that could potentially subject them to liability on this theory. See Peters v. Metropolitan Life Ins. Co., 164 F. Supp. 2d 830, 834 (S.D. Miss. 2001) (holding that allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim"). Indeed, Plaintiff does not allege any specific facts suggesting involvement by Gilliam or Barrett in investigating, adjusting or denying their claim. Thus, the Court has reviewed the complaint, accepting all well-pleaded facts as true and viewing the facts in the light most favorable to the plaintiff. On the face of her complaint, the plaintiff does not allege a gross negligence claim against Barrett or Gilliam.

Moreover, because Charles Barrett and John Gilliam were agents on behalf of EMC, they cannot incur liability under Mississippi law for breach of duty for a contract committed by the principal. Indeed, "where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal." Littleton v. Am. Bankers Life Ins. Co., 289 F. Supp. 2d 776, 780 (S.D. Miss. 2003). Accordingly, Plaintiff cannot sustain a claim against Barrett and Gilliam for breach of duty or contract for which EMC may be liable.

*Conclusion*

The affidavit of Jenny Decker is not admissible and is struck. Defendants have shown that Plaintiff cannot sustain a claim against any non-diverse defendant in this action. Therefore,

Plaintiff's Motion to Remand is denied, the improperly joined defendants are dismissed, and this Court retains jurisdiction over this matter.

SO ORDERED, this the  11th  day of March, 2009.

                                          **/s/ Sharion Aycock**
                                          **U.S. DISTRICT JUDGE**